# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Ivon Keith McCarty, Respondent.

Appellate Case No. 2019-001094

Opinion No. 27916
Submitted August 1, 2019 – Filed August 21, 2019

## PUBLIC REPRIMAND

John S. Nichols, Disciplinary Counsel, and Sabrina C.
Todd, Senior Assistant Disciplinary Counsel, both of
Columbia, for Office of Disciplinary Counsel.

J. Steedley Bogan, of Bogan Law Firm, of Columbia, for
Respondent.

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (the Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR.  In the
Agreement, Respondent admits misconduct and consents to the imposition of a
confidential admonition or a public reprimand.  We accept the Agreement and
issue a public reprimand.  We further order Respondent to (1) complete the Legal
Ethics and Practice Program Ethics School and Trust Account School within one
(1) year of the date of this opinion, and (2) pay the costs incurred in the
investigation and prosecution of this matter by ODC and the Commission on
Lawyer Conduct (the Commission) or enter into a reasonable payment plan within
thirty (30) days of the date of this opinion.  The facts, as set forth in the
Agreement, are as follows.

## Facts

While a member of a South Carolina law firm (Law Firm), Respondent moonlighted, handling more than fifty client matters privately and "off-the-books." Law Firm identified approximately $100,000 Respondent personally billed to his moonlighting clients instead of billing on behalf of the firm. Respondent also provided legal services to many clients without charge.

Respondent's secretary reportedly helped Respondent screen for conflicts, and there is no evidence Respondent's moonlighting resulted in any conflicts of interest with current or former Law Firm clients. Respondent's secretary also helped Respondent issue and collect invoices, and a different non-lawyer staff member of Law Firm assisted Respondent in handling a moonlighting client's matter, but there is no record Respondent invoiced or collected a fee in that matter.

In most instances, Respondent did not open files for his moonlighting clients on Law Firm's case management system; however, even when he did, he did not use Law Firm's billing software to track his time or bill his moonlighting clients. Respondent did not maintain a trust account or trust account records for his moonlighting cases and, on one occasion, Respondent failed to deposit $500 in unearned legal fees into a trust account. Respondent did use Law Firm's computers to draft correspondence and pleadings irrespective of whether the matter was a firm matter or a moonlighting matter.

Respondent's moonlighting clients came to him independently of Law Firm and his moonlighting invoices bore only Respondent's name. However, invoice cover letters and update letters addressed to Respondent's moonlighting clients were typically on Law Firm stationery. Respondent presented affidavits from nineteen of his moonlighting clients stating they were aware they were represented solely by Respondent and not by Law Firm. Nevertheless, that same information was not made clear to third parties. Respondent's letters to opposing parties and counsel were on Law Firm stationery and Law Firm's name appeared in the signature block of Respondent's letters and court filings related to his moonlighting cases.[1]

---

[1] There is no indication Law Firm ever received a malpractice claim arising from any of Respondent's moonlighting cases or that Law Firm was ever asked to send another attorney from the firm to court in any of Respondent's moonlighting matters. There was also no overlap between Law Firm's clientele and Respondent's moonlighting clientele with the exception of a single matter in which Law Firm was asked to handle an insurance defense matter on which suit was never filed. Respondent ultimately worked for the personal representative of the estate connected with the insurance defense matter and billed the case as one of his moonlighting cases.

While working as a member of Law Firm, Respondent was entitled to seventy to eighty percent of his collected billings, covered his overhead, did not neglect firm matters, brought business into the firm through his moonlighting and firm-related work, and represented members of the firm and their families on numerous occasions for no charge. Additionally, while a member of Law Firm, Respondent was elected to town council and helped another member of Law Firm become appointed as town attorney.

Respondent maintains Law Firm had no prohibition against any member of the firm engaging in outside business activities and moonlighting was not prohibited. Respondent further notes he did not hide his moonlighting, but concedes it would have been better if he had explicitly discussed his plan to moonlight and sought clearance prior to engaging in moonlighting. A representative of Law Firm contended Law Firm's policy required all legal services rendered by the firm's attorneys to be billed in the firm's name and that all fees be collected by the firm; however, the representative confirmed this policy was never reduced to writing in Law Firm's operating agreement or elsewhere. Respondent and Law Firm quickly settled their dispute through Respondent's payment of $35,000 to Law Firm and the execution of a mutual release of all claims.

## Law

Respondent admits that his actions violated the following provisions of the Rules of Professional Conduct contained in Rule 407, SCACR: Rule 1.15(c) (requiring unearned legal fees be deposited into a trust account); Rule 4.1(a) (prohibiting false statements of material fact or law to third parties); Rule 8.4(d) (prohibiting engagement in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (prohibiting engagement in conduct prejudicial to the administration of justice).

Respondent also admits the allegations contained in the Agreement constitute grounds for discipline under Rule 7(a)(1), RLDE, Rule 413, SCACR ("It shall be a ground for discipline for a lawyer to: (1) violate or attempt to violate the Rules of Professional Conduct, Rule 407, SCACR, or any other rules of this jurisdiction regarding professional conduct of lawyers . . . .").

---

Respondent later forwarded the $3,022.50 he collected in that matter to Law Firm.

## Conclusion

We find Respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand Respondent. Within thirty (30) days of the date of this opinion, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission or enter into a reasonable repayment plan. Further, within one (1) year of the date of this opinion, Respondent shall complete the Legal Ethics and Practice Program Ethics School and Trust Account School.

**PUBLIC REPRIMAND.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**